[No. 16017-3-III.    Division Three.    November 20, 1997.]

KENNETH KING, ET AL., *Respondents*, v. LARRY G. MARSHALL, *as Personal Representative, Appellant.*

---

[19]*Johnson*, 33 Wn. App. at 18-19.

[20]*Johnson*, 33 Wn. App. at 23.

*James B. King* and *Robert F. Sestero II* of *Keefe, King & Bowman, P.S.*, for appellant.

*Erika Balazs* of *Lukins & Annis, P.S.*, for respondents.

ZAGELOW, J.* — Kenneth and Elizabeth King sued Larry Marshall as personal representative of Harriet Candler's estate for injuries Mr. King sustained in a car accident. Mr. Marshall moved for summary judgment contending the statute of limitations barred the action. The Kings

---

*Judge Robert L. Zagelow is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

also moved for summary judgment. The court granted the Kings' motion. Mr. Marshall appeals. We affirm.

## FACTS

On June 3, 1990, Mr. King and Harriet Candler were involved in a motor vehicle accident on State Road 395, near Loon Lake, Washington. The accident was caused solely by the negligence of Ms. Candler. As a result of the accident Mr. King sustained serious injuries. Ms. Candler died of her injuries.

On June 8, 1990, Larry Marshall, Ms. Candler's son, was appointed personal representative of Ms. Candler's estate. Mr. Marshall gave notice to creditors. The first notice was published on June 13, 1990, and the last notice was published on June 27, 1990. On June 2, 1993, the Kings filed a creditor's claim against the estate. The claim was limited to the amount of liability insurance carried by Ms. Candler. On August 16, 1993, Mr. Marshall rejected the claim. On September 2, 1993, the Kings filed this lawsuit.

In December, Mr. Marshall moved for summary dismissal of the complaint contending the statute of limitations had run. The Kings filed a cross-motion for summary judgment contending that the statute of limitations defense should be stricken under RCW 11.40. The court denied Mr. Marshall's motion and granted the Kings' motion.

Mr. Marshall sought discretionary review of the court's decision. We denied his motion. RAP 2.3(a). The parties then stipulated to a judgment for $25,000, the amount of Ms. Candler's insurance coverage. Mr. Marshall now appeals the court's order granting the Kings' motion for summary judgment.

## DISCUSSION

Mr. Marshall contends the court erred by denying his motion for summary judgment. He claims that the statute of limitations had expired and, thus, the Kings' claim was barred.

■ ■ Appellate courts review orders of summary judgment by engaging in the same inquiry as the trial court. *Schreiner v. City of Spokane*, 74 Wn. App. 617, 621, 874 P.2d 883 (1994). The interpretation of a statute is a question of law. *Id*. When the facts of a case are undisputed, and the only issue before the court is a legal issue, then the appellate court conducts a de novo review. *Id*. The Kings and Mr. Marshall have agreed on the facts. We therefore review de novo.

Ms. Candler, the negligent driver, died as a result of her injuries from the accident. Limitations on actions against an individual who dies before the expiration of the time otherwise limiting the commencement of an action are set forth in RCW 11.40 and RCW 4.16.200. Former RCW 11.40.011 provides:

> The time limitations under this chapter for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased . . . and such claims, subject to applicable statute of limitation, may at any time be:
>
> (1) Served on the personal representative or the attorney for the estate.

As a result the Kings had to file a claim with Ms. Candler's estate. The applicable statute of limitations for this action was three years. RCW 4.16.080(2). The accident occurred on June 3, 1990. The Kings filed their claim against the estate on June 2, 1993. They filed the claim within the required three years.

On August 16, 1993, Mr. Marshall rejected the Kings' claim. Special rules exist outlining the time limits for filing a lawsuit when an estate rejects a claim.

> When a claim is rejected by the personal representative, the holder must bring suit in the proper court against the personal representative within thirty days after notification of the rejection or before expiration of the time for serving and filing claims against the estate, whichever period is longer, otherwise the claim shall be forever barred.

RCW 11.40.060 (1996). The Kings filed their lawsuit on September 2, 1993, within thirty days of the notice of rejection. The filing was therefore timely.

■ Mr. Marshall requests that this court interpret RCW 11.40.060 to bar the Kings' claim. When a statute is clear on its face, it is not subject to judicial interpretation. *Marquis v. City of Spokane*, 130 Wn.2d 97, 107, 922 P.2d 43 (1996). RCW 11.40.060 is clear and dispositive here.

■ The Kings filed their claim one day before the three-year statute of limitations expired. They received notice that the claim was rejected August 16, 1993, after the statute had expired. They have thirty days from the notice of rejection or the remainder of time in the statute of limitations to file a lawsuit, whichever is longer. RCW 11.40.060. If the Legislature had not intended to allow a party an additional thirty days from the notice of the rejection of the claim, it would have required the lawsuit be filed in the shorter of the two time periods listed. In this case, the thirty days was longer than the remaining time for filing and serving claims. Since the Kings filed their lawsuit within thirty days of the notice of rejection the action is not time barred.

■ The purpose behind statutes of limitations also supports the conclusion that the claim is not time barred. The goal of Washington's limitation statutes is to require claims be litigated when all pertinent evidence is still available and while witnesses retain clear impressions of the occurrence. *Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 710, 714, 709 P.2d 793 (1985). Courts should apply limitation statutes to require the filing of an action within a reasonable time so opposing parties will have a fair opportunity to defend. *Id.* In this case, Mr. Marshall was on notice that the Kings had a claim when they filed it within the limitations period. The Kings complied with the time requirements under RCW 11.40, the controlling statute. There is no legal basis for barring the claim.

We affirm.

KURTZ and BROWN, JJ., concur.